Zoltan MOSKOVITS and Alexander Moskovits, Plaintiffs–Appellants,

v.

Ernest MOSKOVITS, Helene Moskovits, Debra Moskovits, and Rachelle Moskovits, Defendants–Appellees,

John Does 1–10 and Jane Does 1–10, Defendants.

Docket No. 05–0427–CV.

United States Court of Appeals, Second Circuit.

Oct. 12, 2005.

On submission, for Appellants.

On submission, for Appellees.

PRESENT: WALKER, Chief Judge, FEINBERG, and STRAUB, Circuit Judges.

SUMMARY ORDER

Zoltan Moskovits and his son, Alexander Moskovits, appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge* ) dismissing their claims on the basis of *forum non conveniens.* Appellants claims (fraud, conversion, and breach of fiduciary duty) arise primarily from the allegedly illegal sale of certain property in Sao Paulo, Brazil. Plaintiffs argue on appeal that the district judge (1) erred by failing to recuse himself; (2) improperly denied their requests for limited discovery; and (3) improperly granted the defendants' motion to dismiss their complaint on the basis of *forum non conveniens.* We assume familiarity with the facts, procedural history, and issues. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

■ We review a district court's ruling on a recusal motion for abuse of discretion. *King v. First Am. Investigations, Inc.,* 287 F.3d 91, 96 (2d Cir.2002). The plaintiffs moved for recusal under 28 U.S.C. §§ 144 and 455(a). Plaintiffs have failed to show a basis for recusal, as their allegations fail to demonstrate any "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), as opposed to disagreement with decisions made by Judge Daniels in his judicial role. *See Role v. Eureka Lodge No. 434,* 402 F.3d 314, 318 (2d Cir.2005). Further, our review is not obviated by the district judge's lack of ruling on the recusal motion. The magistrate judge's Report and Recommendation addressed the allegations raised in the recusal affidavit and which, "without expressly so stating," implied that Judge Daniels did not have a personal bias or prejudice against the plaintiffs or in favor of the defendants. *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 330, 332–34 (2d Cir.1987). Judge Daniels adopted the Report and Recommendation in its entirety.

■ Plaintiffs argue that the district court erred in ruling on the defendants' motion to dismiss on the basis of *forum non conveniens* without allowing limited discovery. "Recognizing the district court's broad discretion to direct and manage the pre-trial discovery process, we ... review a district court's discovery rulings for abuse of discretion." *Wills v. Amerada Hess Corp.,* 379 F.3d 32, 41 (2d Cir. 2004). Here, it was not an abuse of discretion for the district court to decide the defendants' motion to dismiss for *forum non conveniens* on the basis of affidavits. *See Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 130 (2d Cir.1987). Further, the plaintiffs themselves represented in their amended complaint and in affidavits

to the district court that at all relevant times defendants Ernest Moskovits and Helene Moskovits maintained their primary residence in Sao Paulo, Brazil. The plaintiffs also appear to concede that whatever documentation exists relating to the alleged 1970s corporate and real-estate transactions in Brazil would be located in Brazil and would be in Portuguese. Therefore, it was not an abuse of discretion for the district court to deny plaintiffs' discovery requests.

We review the district court's grant of *forum non conveniens* dismissal deferentially for abuse of discretion. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir.2001) (en banc). A district court abuses its discretion in granting a *forum non conveniens* dismissal when its decision "(1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir.2003) (citations omitted). Analyzing the relevant facts, the magistrate judge here found that the plaintiffs' choice of forum was not entitled to particularly strong deference. He then found that Brazil was an adequate alternative forum to the Southern District of New York. The magistrate judge then, upon weighing the appropriate facts, found that both the public and private interest factors strongly favor adjudication in Brazil. These, among other considerations, led the district court to dismiss plaintiffs' case on the ground of *forum non conveniens*. The plaintiffs offer no persuasive basis to conclude that the court abused its discretion or erred in the law or the facts in reaching these conclusions; nor does our review of the record and relevant case law reveal such an error.

For the reasons set forth above, the appeal is DISMISSED, and the judgment of the district court is AFFIRMED.